UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIGI AMASINO,<br>    *Plaintiff,*<br>v.<br>TOWN OF BRANFORD,<br>    *Defendant.* | Civil No. 3:17cv773 (JBA)<br><br>October 23, 2017 |

**ORDER GRANTING MOTION TO REMAND**

Plaintiff Luigi Amasino initiated this action in Connecticut Superior Court alleging that Defendant Town of Branford retaliated against him for exercising rights protected by the First Amendment to the United States Constitution and by Article First, Sections 3, 4, and 14 of the Connecticut Constitution in violation of Conn. Gen. Stat. § 31-51q. Defendant removed [Doc. # 1] the action on May 5, 2011. Plaintiff filed a Motion [Doc. # 13] to Remand to State Court and thereafter filed an Amended Complaint removing all allegations invoking his First Amendment rights under the United States Constitution. Defendant opposes [Docs. ## 17, 21] remand. For the reasons that follow, Plaintiff's Motion to Remand to State Court is GRANTED.

**I. Discussion**

Plaintiff claims that because his only cause of action seeks relief solely under Conn. Gen. Stat. § 31-51q and there are no federal claims, this case must be remanded back to state court. However, Defendant correctly notes that "a plaintiff need not allege a cause of action created by federal law for the case to arise under federal law" within the meaning of 28 U.S.C § 1331 where "the plaintiff's statement of his or her state-law claim in a well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks omitted). In *Bracey*, the

complaint alleged violation of the plaintiff's rights as established by *either* the United States or the Connecticut Constitution. *Id.* The Second Circuit found that "the vindication of [the plaintiff's] state-law rights as asserted in his well-pleaded section 31-51q cause of action requires that a court construe federal First Amendment law and evaluate its scope" without significance as to whether the plaintiff "recovered because the [defendant] violated his right to free expression under the United States Constitution or the Connecticut Constitution, or both." *Id.* at 116. Defendant therefore claims that pursuant to *Bracey* the Court has federal question jurisdiction over Plaintiff's state law claim.

Indeed, following *Bracey*, several district courts concluded they had federal question jurisdiction even when the plaintiffs' complaints referenced only the Connecticut Constitution, omitting the First Amendment of the U.S. Constitution. *See e.g., Ting v. Univ. of Bridgeport*, No. 3:11-CV-20 (CFD), 2011 WL 2222309 at *4 (D. Conn. June 7, 2011) (finding, in light of *Bracey*, that the plaintiffs' 31-51q claim "arises under federal law because courts construe section 31-51q claims in accordance with federal First Amendment law, irrespective of whether the plaintiff claims a violation of federal or state constitutional law."); *Vale v. City of New Haven Police Dep't*, No. 3:11-CV-00632 (PCD), 2011 WL 13104125, at *1 (D. Conn. Oct. 25, 2011) ("*Bracey* departs from the typical rule and does not permit the federal constitutional claim to be severed from the § 31–51q claim even if the plaintiff has relied solely on state constitutional provisions.").

However, in 2015 the Connecticut Supreme Court held in *Trusz v. UBS Realty Investors, LLC* that "textual differences [in Article First of the Connecticut Constitution] warrant an interpretation separate and distinct from that of the [F]irst [A]mendment." 123 A.3d 1212, 1221 (Conn. 2015) (internal quotation marks omitted). Thus, "the governing standard applicable to retaliation claims pursuant to Section 31-51q differs from federal First Amendment analysis."

*Perez-Dickson v. Bridgeport Bd. of Educ.*, No. 3:13CV198 (WWE), 2016 WL 236206, at *6 (D. Conn. Jan. 19, 2016).

After *Trusz*, district courts have determined there is no federal jurisdiction when a Section 31-51q claim expressly seeks protection only under the Connecticut Constitution. *See e.g., Kolpinski v. Rushford Ctr., Inc.*, No. 3:15-CV-1267 (SRU), 2016 WL 3919798 (D. Conn. July 18, 2016); *Perez-Dickson*, 2016 WL 236206, at *6. In *Koplinski* Judge Underhill found that where the plaintiff "chose only to seek the protections provided by the Connecticut Constitution," his or her "right of relief does not necessarily turn on the construction of a federal law," and thus the federal court has no jurisdiction. 2016 WL 3919798 at *6. Relying on *Trusz*, Judge Underhill concluded that "[b]ecause a section 31-51q claim does not require an allegation of First Amendment injury, it does not necessarily require resolution of a federal question" and the case was remanded to state court. *Id.* at *5; *see also Perez-Dickson v. Bridgeport Bd. of Educ.*, 2016 WL 236206, at *6 (D. Conn. Jan. 19, 2016) (finding appropriate remand of the plaintiff's section 31-51q claim after federal claims had been dismissed at summary judgment).

In light of *Trusz*, because Plaintiff's Amended Complaint elects to claim violation of the Connecticut Constitution only, it does not "necessarily" raise an issue of federal First Amendment law and Plaintiff's right to relief will not be determined in relation to the scope of First Amendment law. Accordingly, this Court lacks federal question jurisdiction over Plaintiff's claim.

## II. Conclusion

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED. This case is remanded to the Connecticut Superior Court for the Judicial District of New Haven at New Haven.

IT IS SO ORDERED.

/s/
_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 23rd day of October 2017.